[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

No. 05-15270
Non-Argument Calendar

_____

Agency No. A79-443-081

BESIM KACAKU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 27, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and BIRCH, Circuit Judges.

PER CURIAM:

Petitioner Besim Kacaku, a citizen and native of Albania, petitions for review of the decision of the Board of Immigration of Appeals (BIA), which affirmed without opinion the immigration judge's denial of Petitioner's asylum application.[1]  We deny the petition.

Petitioner challenges the IJ's determination that he was not credible.  We review the IJ's findings of fact under the "substantial evidence" test: we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation omitted).[2]  "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it."  Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).  We also review the IJ's credibility determinations under the "substantial evidence" test.  D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004).  And on credibility determinations, we may not substitute our judgment for that of the IJ.  Id.  An adverse credibility determination alone may be sufficient to support the

---

[1]Petitioner also was denied withholding of removal and relief under the United Nations Convention Against Torture.  But Petitioner now only presents argument on his asylum claim: he has abandoned the other claims.  See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2]The BIA affirmed the IJ's decision without opinion: we review the IJ's decision as the final agency determination.  See Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1285 n.2 (11th Cir. 2005).

denial of asylum relief.  See Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  But "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant."  Id.

Substantial evidence supports the IJ's determination that Petitioner's testimony lacked credibility.  Our review of Petitioner's statements to immigration officials, his asylum application, and his asylum hearing testimony reveal inconsistencies on material elements of his claim that he, as a member of the Albanian Democratic Party, suffered political persecution by the Albanian Socialist Party.

During an interview before filing his asylum application, Petitioner failed to mention that, at the behest of the local Socialist Party head, he was beaten by police after organizing an anti-Socialist political rally in October 1998.  This beating, though, was a major focus of the claims in his asylum application.  Also, Petitioner told an asylum officer during an interview when he arrived in the United States that he never had been arrested before; but in his asylum application, he stated that he had been arrested and detained for two days in August 1998.  And Petitioner failed to tell asylum officers during interviews that his brother was killed in 1997 on a boat sunk by Socialist Party members; Petitioner did not put this information in his asylum application.  But he later testified about this event at

3

the asylum hearing. In addition, although Petitioner testified that, after he fled to Greece, he was beaten by a member of the Albanian Socialist Party official who then pulled out a knife, he alleged in his asylum application that the man used his finger to simulate a knife. These inconsistencies go to key elements of Petitioner's claims that he was persecuted because of his political opinion. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (stating that adverse credibility finding must go to the "heart" of the asylum claim and should not be based on minor inconsistencies).

The IJ also considered--and discredited--the remaining documentary evidence that Petitioner presented. Petitioner's identification documents (including his high school diploma, birth certificate, and family certificate) appear to have been created after he came to the United States in March 2002. While this fact does not mean that the documents necessarily are unreliable, Petitioner's evidence does not compel a conclusion that the IJ clearly was wrong to discredit these items. A certificate from the Secretary and Chairman of the Democratic Party contained information that Petitioner left Albania with his brother; but this information conflicted with other documentary evidence and Petitioner's testimony that Petitioner left Albania in 1998, after his brother had drowned in 1997. Also, although the remainder of Petitioner's evidence, including a U.S.

4

State Department Country Report and articles about the arrest and beatings of some Democratic Party members, do support his claims, this evidence does not compel a conclusion that the IJ erred.

In sum, the IJ provided cogent reasons for her credibility determination: and these reasons are supported by substantial record evidence. See <u>D-Muhumed</u>, 388 F.3d at 819 (citations omitted). We are not compelled to reverse the IJ's decision: we uphold the denial of asylum relief.[3]

PETITION DENIED.

---

[3]Because we uphold the denial of asylum relief based on the IJ's adverse credibility determination, we need not address Petitioner's argument that the IJ erred in determining that Petitioner was barred from seeking asylum because he had firmly resettled in Greece before coming to the United States.